with no legal authority in support of this distinction, and we find his claim is not "real and substantial." As explained above, *Howell* squarely addressed section 16913(a)'s application to wholly intrastate sex offenders and the provision's constitutionality. In accordance with the reasoning, findings, and holding of the Eighth Circuit in *Howell,* SORNA's registration provision, section 16913(a), is a reasonable means to track intrastate offenders if they move across state lines and is constitutionally authorized under Congress' authority pursuant to the Commerce Clause and the enabling Necessary and Proper Clause. Point three is denied.

### 3. Conclusion

Although we recognize that Doe's arguments are compelling, we are bound by the Missouri Supreme Court's decisions in *Doe v. Keathley,* 290 S.W.3d 719 and *Doe v. Toelke,* 389 S.W.3d 165, and our Court agrees with the reasoning and conclusions of the Western District in *Doe v. Keathley,* 344 S.W.3d 759 and the Eighth Circuit in *U.S. v. Howell,* 552 F.3d 709. Pursuant to those cases, Doe had an independent federal obligation to register as a sex offender pursuant to SORNA. Therefore, he is presently required to register as a sex offender pursuant to section 589.400.1(7) of SORA.[6] *Toelke,* 389 S.W.3d at 167.

### III. CONCLUSION

The trial court's judgment entered in favor of Defendants on Doe's amended

petition for declaratory and injunctive relief is affirmed.

CLIFFORD H. AHRENS, P.J. and SHERRI B. SULLIVAN, J., concur.

**STATE of Missouri, Respondent,**

**v.**

**Margo SMITH, Appellant.**

**No. WD 75144.**

Missouri Court of Appeals, Western District.

June 25, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 2013.

Application for Transfer Denied Oct. 29, 2013.

Kent Denzel, Columbia, MO, for Appellant.

Andrew Hooper, Jefferson City, MO, for Respondent.

---

**6.** We note that the registration requirements of SORA are lifetime registration requirements unless:

(1) All offenses requiring registration are reversed, vacated or set aside;

(2) The registrant is pardoned of the offenses requiring registration;

(3) The registrant is no longer required to register and his or her name shall be re-

moved from the registry under the provisions of subsection 6 of this section; or

(4) The registrant may petition the court for removal or exemption from the registry under subsection 7 or 8 of this section and the court orders the removal or exemption of such person from the registry.

Section 589.400.3.

Before JAMES EDWARD WELSH, C.J., VICTOR C. HOWARD, and MARK D. PFEIFFER, JJ.

## ORDER

PER CURIAM:

Margo Smith appeals the circuit court's judgment convicting her of passing a bad check in violation of section 570.120, RSMo Cum.Supp.2012. We affirm. Rule 30.25(b).

■

**Paul E. SHARP, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 75269.**

Missouri Court of Appeals, Western District.

June 25, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 2013.

Application for Transfer Denied Oct. 29, 2013.

Damien De Loyola, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before Division Two: ALOK AHUJA, P.J., and KAREN KING MITCHELL and ANTHONY REX GABBERT, JJ.

## ORDER

PER CURIAM:

Following a jury trial at which he testified in his own defense, Paul Sharp was convicted in the Circuit Court of Buchanan County of one count of possessing a controlled substance in violation of § 195.202, RSMo. He was sentenced to nine years' imprisonment. After we affirmed Sharp's conviction on direct appeal, he filed a motion for post-conviction relief under Supreme Court Rule 29.15, alleging that his trial counsel was ineffective for failing to object to the prosecutor's use of Sharp's prior convictions in his closing argument, and for failing to request that the jury be instructed concerning the limited purpose for which his prior convictions were relevant. The circuit court denied Sharp's post-conviction relief motion following an evidentiary hearing. Sharp appeals. We affirm. Because a published opinion would have no precedential value, an unpublished memorandum setting forth the reasons for this order has been provided to the parties. Rule 84.16(b).

■

**STATE of Missouri, Respondent,**

v.

**Lemuel G. WILLIAMS, Appellant.**

**No. WD 75100.**

Missouri Court of Appeals, Western District.

July 9, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 2013.

Application for Transfer Denied Oct. 29, 2013.